UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SEDRIC L. JACKSON (#528515)

VERSUS                                                CIVIL ACTION

LYNN COOPER, ET AL                                    NUMBER 11-191-BAJ-SCR

## ORDER

Petitioner Sedric L. Jackson filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody. Petitioner challenged the constitutionality of his 2007 state court convictions and sentences for possession with intent to distribute cocaine in violation of LSA-R.S. 40:967(A)(1) and possession of over 200 grams, but less than 400 grams of cocaine in violation of LSA-R.S. 40:967(F)(1)(b).

Petitioner raised two grounds for relief: (1) his Fourth Amendment rights were violated during the warrantless search of his residence; and, (2) he was denied effective assistance of counsel in violation of his Sixth Amendment rights.

Petitioner asserted in his federal habeas corpus application that his second ground for relief was not presented to the state court in his direct appeal, and he has not filed an application for

post-conviction relief.[1] Petitioner contends that he should be exempted from the exhaustion requirement because exhaustion would be futile. Specifically, the petitioner maintains that it would be futile to exhaust his Sixth Amendment ineffective assistance of counsel claim because it is premised on the merit of his Fourth Amendment claim, which was rejected by the state courts.

One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted in state court all of his claims before presenting them to the district court. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....") The principles of finality, comity, and federalism require a federal habeas petitioner to first provide the state court a full and fair opportunity to consider federal law challenges. *Duncan v. Walker*, 533 U.S. 167, 178-79, 121 S.Ct. 2120(2001). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Whitehead v. Johnson*, 157

---

[1] According to the petitioner, the Louisiana Supreme Court denied his writ application on March 26, 2010. He then had 90 days to seek review by the U.S. Supreme Court. His § 2254 petition was filed on March 25, 2011. Based on the dates alleged by the petitioner, his petition is timely under 28 U.S.C. § 2254(d)(1)(A).

2

F.3d 384, 387 (5th Cir. 1998). The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas petition if it contained even a single unexhausted claim - the "total exhaustion" requirement. *Rose v. Lundy*, 455 U.S. 509, 518-19, 102 S.Ct. 1198 (1982).

In *Fisher v. Texas*, 169 F.3d 295 (5th Cir. 1999), the Fifth Circuit recognized that "the exhaustion requirement may be excused when seeking a remedy in state court would be futile." *Id*. at 303. The futility exception is quite limited, applying only "when ... the highest state court has recently decided the *same* legal question adversely to the petitioner." *Id*. (emphasis added). But, "the likelihood of failure of a claim in state court is *no* excuse for *not* presenting it there." *Beazley v. Johnson*, 242 F.3d 248, 269 (5th Cir.) (emphasis in original) citing *Engle v. Isaac*, 456 U.S. 107, 130, 102 S.Ct. 1558(1982) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may *not* bypass the state courts simply because he thinks they will be unsympathetic to the claim. *Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.*" (second emphasis added)), *cert. denied sub nom. Beazley v. Cockrell*, 534 U.S. 945, 122 S.Ct. 329 (2001).

Petitioner's Sixth Amendment ineffective assistance of counsel

3

claim has two components: (a) trial counsel's inadequate pretrial preparation and (b) trial counsel's handling of the Fourth Amendment claim.[2] The state court has not addressed either aspect of the petitioner's ineffective assistance of counsel claim. Although the state court may, when considering the petitioner's ineffective assistance of counsel claim, find no Sixth Amendment violation because the warrantless entry into the residence did not violate his Fourth Amendment rights, it does not follow that it must or will reject both aspects of the petitioner's Sixth Amendment claim. To excuse exhaustion, the petitioner must show more than just a likelihood of failure. Consequently, the petitioner has not shown, for his ineffective assistance of counsel claim, that presentation of it to the state court would be futile.

Therefore;

IT IS ORDERED that the petitioner shall have 14 days from the date of this order to file a motion to dismiss his second ground for relief.

Failure to comply with this order will result in the dismissal of the petition in its entirety as a mixed petition, which dismissal may adversely impact the petitioner's ability to timely

---

[2] Record document number 1-1, memorandum in support, pp. 30-34.

file another § 2254 petition.[3]

Baton Rouge, Louisiana, May 13, 2011.

*signature: Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] As provided by § 2244(d)((2), when calculating the one year period of limitations established by § 2244(d)(1), the time during which a properly filed application for state post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted. As noted above, the petitioner has not filed a state court post-conviction relief application.

Although the Antiterrorism and Effective Death Penalty Act's (AEDPA) time limit does not run while a properly filed application for state post-conviction relief is pending, 28 U.S.C. § 2244(d)((2), it does run while the federal court considers an application for habeas review. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2120(2001); *Hayes v. Wilson*, 268 Fed. Appx. 344 (5th Cir. 2008).

Because the pendency of the petitioner's § 2254 petition does not toll the AEDPA time limit, dismissal of the petition in its entirety may bar access to federal court following completion of state post-conviction proceedings if his next § 2254 petition is untimely.